A91A1400. HOYT'S CYCLE STORE, INC. v. AMERICAN SUZUKI MOTOR CORPORATION.
(413 SE2d 455)

Judge Arnold Shulman.

The appellant sued the appellee seeking damages for the alleged wrongful termination of a franchise agreement. It brings this appeal from an order of the trial court granting partial summary judgment to the appellee on the issue of whether the relationship between the parties was governed by the Georgia Motor Vehicle Franchise Practices Act (OCGA § 10-1-620 et seq.).

In January of 1984, the appellant applied to the appellee for a dealership designation, submitting to it, as a part of that process, a packet containing, among other things, a document entitled "Suzuki Dealer Policy Acknowledgment" ("the Acknowledgment"). This document was signed by the principals of the appellant and then signed and dated by the appellee's district sales manager. Shortly thereafter, the appellee forwarded to the appellant an Authorized Suzuki Motorcycle Dealer Agreement ("Dealer Agreement") which the appellant did not execute and return. In March of 1984, the appellee forwarded a second Dealer Agreement to the appellant; and again the appellant failed to execute the Dealer Agreement and return a copy to the appellee as requested. Nonetheless, according to undisputed evidence in the record, it was understood by the parties that from and after March of 1984, the appellant had the right to stock the appellee's motor vehicle line and to participate in its dealer programs; and the appellant did in fact stock and sell motorcycles and related products which it bought from the appellee.

The appellee's district sales manager thereafter contacted the appellant by phone on a regular basis and visited its premises three times annually. On February 21, 1989, the appellee notified the appellant in writing that it was terminating what it referred to as "your Suzuki Dealer Agreement" for failure to maintain clean and sightly premises, failure to adequately stock Suzuki motor vehicles and parts, inadequate training of sales personnel, sales volumes below levels comparable to other similarly situated Suzuki dealers, and failure to

advertise and promote the appellee's products. The appellant sued the appellee, alleging breach of contract and also asserting a statutory claim for actual and punitive damages for wrongful termination of a franchise agreement pursuant to the Georgia Motor Vehicle Franchise Practices Act, OCGA § 10-1-651. The trial court denied a motion for summary judgment filed by the appellant and granted partial summary judgment to the appellee on the issues of whether the agreement which existed between the parties constituted a franchise agreement within the contemplation of the Act and whether their relationship was otherwise governed by or subject to the provisions of the Act. However, the trial court expressly reserved a ruling on whether the appellant was entitled to seek damages under traditional contract principles.

1. The appellant contends that the trial court erred in finding that the Acknowledgment was not a franchise within the meaning of the Act. OCGA § 10-1-622 (6) defines "franchise" as follows: "[T]he written agreement or contract between any franchisor and any dealer which purports to fix the legal rights and liabilities of the parties to such agreement or contract and pursuant to which the dealer purchases and resells motor vehicles or leases or rents the dealership facilities." The Acknowledgment, the only document executed by the parties, merely sets forth the appellee's policies regarding sales, parts, advertising, credit, shipments, and service. While extensive in scope, it does not address any issues concerning the legal rights and liabilities of the parties nor does it include any of the other numerous and detailed provisions normally found in dealer franchises. See *Reliable Volkswagen Sales &c. Co. v. World-Wide Auto. Corp.*, 216 FSupp. 141 (D.N.J. 1963). The document expressly contemplates execution by a "dealer applicant" and provides in italics above the dealer applicant's signature that "[i]n signing this form the dealer applicant . . . acknowledges his agreement with the above policies. This Suzuki dealer policy acknowledgment will be superseded by the Suzuki dealer agreement." The appellant does not offer any explanation as to why it did not execute the twice-proffered Dealer Agreement but simply insists that the parties intended for the Acknowledgment to serve as a franchise agreement, as evidenced by their course of dealing.

There are no Georgia cases dealing with this issue as it relates to the Act; however, *Reliable Volkswagen,* supra, provides a useful analogy. In that case, the plaintiff, which had acted as an automobile dealer and was considered as such by the manufacturer, conceded that it had never entered into a formal franchise agreement such as is generally in use in the automobile industry. Nonetheless, it sought relief against the manufacturer under the Automobile Dealer Franchise Act, 15 USCA § 1221 et seq. (a/k/a the "Dealers' Day in Court Act"), based on allegations that a series of communications and

other writings between the parties were tantamount to a franchise agreement. (The definition of "franchise" in the federal law is very similar to the definition set forth in OCGA § 10-1-622 (6) and includes requirements that the agreement be written and that it "purport[ ] to fix the legal rights and liabilities of the parties. . . ." 15 USCA § 1221 (b).) The district court ruled that the plaintiff had no cause of action under the federal statute in the absence of a franchise agreement, stating: "Were this a common law action, the plaintiff might be able to establish, by proper evidence, either a contract or an estoppel to deny a contract upon which it could rely. However, we are dealing here with a statutory cause of action, and as such the plaintiff must show compliance with the prerequisites to the maintenance thereof, established therein. A *sine qua non* to recovery is proof of a *written* contract which 'purports to fix the legal rights and liabilities of the parties. . . .' " *Reliable Volkswagen,* supra at 144.

For the same reasons, we affirm the trial court's decision. The Acknowledgment does not meet the definitional requirements of the Act, and neither the intent of the parties nor their acknowledged course of conduct will create a statutory franchise agreement between them where none was executed.

2. The appellant further contends that the trial court erred in ruling that in the absence of a franchise agreement, the relationship between itself and the appellee was not governed by the Act. The appellant urges that it and the appellee fall within the statutory definitions of "dealer" and "franchisor," respectively, thus bringing their relationship within the purview of the Act. OCGA § 10-1-622 (1) and (7). We disagree. Having neglected to formalize the arrangement by entering into a franchise agreement as that term is defined by the statute, the appellant cannot claim that a "franchisor/dealer" relationship exists between them within the contemplation of the Act so as to permit a claim for damages thereunder.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED NOVEMBER 21, 1991 —

*Steven Montalto & Associates, Steven Montalto, David J. Salome,* for appellant.

*Gurley, P.A., James B. Gurley,* for appellee.